Jennie Woltz, Esq.
Benjamin Folkinshteyn, Esq.
Woltz & Folkinshteyn, P.C.
P.O. Box 3111
Stamford, CT 06905

*Attorneys for Plaintiff*
*Gino Falzarano*

**UNITED STATES DISTRICT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| GINO FALZARANO,<br><br>*Plaintiff*,<br><br>-against-<br><br>MILLER'S ALE HOUSE, INC., AMANDA CONNOLLY, AND JOHN DOE 1-5,<br><br>*Defendants*. | **Case No. 1:22-cv-02997**<br><br><u>**COMPLAINT**</u><br><br>**DEMAND FOR JURY TRIAL** |

---

Plaintiff Gino Falzarano, by his attorneys Woltz & Folkinshteyn, P.C., as and for his Complaint against Defendants MILLER'S ALE HOUSE, INC., AMANDA CONNOLLY, and JOHN DOES 1 - 5, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). This Court has supplemental jurisdiction over the New York State and City Human Rights Law claims because they are so related to the claims in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District under 28 U.S.C. § 1391 because the parties reside and/or work or worked in this District, Corporate Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein took place in this District.

3.     All jurisdiction prerequisites to bringing this action have been satisfied.

4.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 12, 2022.

5.     Plaintiff has requested and obtained a Right to Sue Letter from the EEOC on or about March 1, 2022.

6.     This Complaint is being filed within 90 days of receipt of that notice.

7.     Mr. Falzarano has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

## THE PARTIES

8.     Defendant Miller's Ale House, Inc. ("Corporate Defendant") operates a food and beverage hospitality establishment at 2883 Richmond Avenue, Staten Island, New York 10314.

9.     Corporate Defendant employs more than 15 persons within the City of New York, and is an "employer" within the meaning of the ADEA, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law (NYCHRL").

10.     Defendant Amanda Connolly was employed by Corporate Defendant and had hiring and firing authority over applicants and employees during all periods relevant to this Complaint. Upon information and belief, Defendant Amanda Connolly is a natural person residing in New York City.  Upon information and belief, Defendant Amanda Connolly is no longer employed by Corporate Defendant.

11.     Defendants John Does 1-5 (together, with Amanda Connolly, "Individual Defendants") are employed by Corporate Defendant and having hiring and firing authority over applicants and employees. Upon information and belief, Defendants John Does 1-5 are natural people residing in New York City.

12.     Plaintiff Gino Falzarano ("Mr. Falzarano") is a 63-year-old adult male individual who resides in Staten Island, New York. Mr. Falzarano was qualified and available for open bartender positions at Corporate Defendant, for which he applied in April 2021. At all relevant times, Mr. Falzarano was an "applicant" for employment within the meaning of the ADEA, the New York State Human Rights Law, and the New York City Human Rights Law.

**FACTS**

13.     Plaintiff Gino Falzarano is a highly-experienced and accomplished bartender in the metropolitan New York City market.

14.     From approximately 2005 through 2019, Mr. Falzarano was employed by Square One Events as Head Bartender at Suite 200, the premier VIP luxury suite at Madison Square Garden, where he was a popular figure among Suite 200's celebrity and VIP clientele, including politicians, movie stars, supermodels, recording artists, and sports figures. In addition to his regular bartending duties at Suite 200, Mr. Falzarano was also given responsibility for ordering liquor, mixers, and supplies, and for supervising other bartenders during major events. Mr. Falzarano also had input into what beverages Suite 200 should carry, and was instrumental in Suite 200 adding Malbec to its selection of wines.

15.     In addition to being Head Bartender at Suite 200, Mr. Falzarano has other significant bartending experience, including, *inter alia*, as a high-level special events bartender for large entertainment and media companies, famous music venues, and high net worth individuals throughout the area. Mr. Falzarano also has significant experience as a bartender in bars and restaurants on Staten Island, including Lorenzo's Restaurant, Bar and Cabaret, and MJ's Supper Club.

16.     Mr. Falzarano is a TEAM-certified bartender ("Techniques for Effective Alcohol Management"), meaning that he is trained and certified to prevent guests from over-consuming alcohol, to identify patrons who may have over-consumed, and to intervene in a non-confrontational way to properly ensure safety.

17.     Mr. Falzarano, who is in his early 60s, is well-spoken, professional, intelligent, attractive, and highly capable.

18.     On April 30, 2021, Mr. Falzarano applied for employment with Corporate Defendant as a bartender in response to an advertised open position.

19.     Right away, Mr. Falzarano received a call from Defendant Amanda Connolly, inviting Mr. Falzarano to the restaurant for an interview with her.

20.     The interview was held on a Tuesday in the Corporate Defendant's location at 2883 Richmond Avenue. As soon as Mr. Falzarano sat down for the interview with Defendant Amanda Connolly, the first words out of her mouth were "You have a phenomenal resume."

21.     The interview went well and pleasantly; Defendant Amanda Connolly closed the interview by telling Mr. Falzarano that she wanted him to meet with another member of Corporate Defendant's staff, possibly her superior, Defendants John Does 1-5, before extending an offer of employment.

22.     However, Defendant Amanda was unable to locate the person with whom she wished Mr. Falzarano to meet. Defendant Amanda Connolly told Mr. Falzarano that she would call him on the following Thursday or Friday.

23.     Defendant Amanda Connolly's encouraging comments led Mr. Falzarano to believe that he had a strong candidacy for the position, his application was being considered for the position, and that he had a high probability of being hired for same.

24.     At no time during the interview or afterwards did Defendant Amanda Connolly or any other employee of the Corporate Defendant inform Mr. Falzarano that anything had been deficient in his application.

25.     At no time during the interview or afterwards did Defendant Amanda Connolly or any other employee of the Corporate Defendant inform Mr. Falzarano that he was required to undertake any additional steps to perfect his job application.

26.     Unfortunately, Friday came and went without hearing from Defendant Amanda Connolly, so Mr. Falzarano texted Defendant Amanda Connolly on May 18, 2021 to ask about the second interview Amanda had expressed she wanted him to have with the Corporate Defendant.

27.     Defendant Amanda Connolly texted back and said "Thank you so much for coming in *but we decided to go with another candidate*. I apologize *but if we're hiring in the future I won't hesitate to reach out*." [emphasis added]

28.     Mr. Falzarano texted back, expressing his disappointment and asking her what took him out of consideration, on May 18, 2021 as well as in a follow-up text message on May 28, 2021.

29.     Defendant Amanda Connolly never replied and never contacted him (nor did anyone at Miller's thereafter) for another position.

30.     Nonetheless, upon information and belief, the candidate that was hired for the position Mr. Falzarano applied for was younger than Mr. Falzarano or the position remained open as the Corporate Defendant continued to seek candidates with Mr. Falzarano's qualifications.

31.     Moreover, Corporate Defendant continued to advertise for bartending positions for the Richmond Avenue location after May 2021.

32.      In fact, as recently as April 7, 2022, Mr. Falzarano received a notification from a hiring agency that an open bartender position *still* remains available at the 2883 Richmond Avenue location (*e.g.,* requisition No. 2021-1187).

33.     Upon information and belief, Corporate Defendant has hired much younger individuals for those jobs too or has utilized existing, younger, staff members to fulfill the requirements of those roles.

34.     The photographs of staff members on Miller's website all depict youthful staff members.

35.     It is clear that Mr. Falzarano was not passed over by Corporate Defendant as a result of any perceived deficiencies in qualifications for the role (indeed, Defendant Amanda Connolly assured Mr. Falzarano that he was qualified and that he would be considered in the future), but because of his age.

36.     Defendants have thereby unlawfully discriminated against Mr. Falzarano in employment on the basis of his age, in violation of the ADEA, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

37.     Corporate Defendant moreover retaliated against Mr. Falzarano in failing to consider him for a bartender position Corporate Defendant was actively recruiting for in April 2022, because he had asserted his rights with the Equal Employment Opportunity Commission and/or threatened to commence the instant litigation.

38.     As a result of the blatant age discrimination and retaliation practiced by Defendants, Mr. Falzarano has been unfairly denied employment in his chosen field – a field in which he has a vast amount of experience and talent – and is unable to earn a livelihood.

39.     As a direct result of Defendants' unlawful age discrimination and retaliation, Mr. Falzarano has suffered significant damages, including lost past and future wages and benefits, emotional distress, humiliation, and anxiety, and attorneys' fees and costs.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST CORPORATE DEFENDANT FOR**
**AGE DISCRIMINATION UNDER THE ADEA**

40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

41.     By its aforesaid conduct, Corporate Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his age.

42.     Defendant's age discrimination against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

43.     As a result of Corporate Defendant's unlawful age discrimination, Plaintiff suffered lost past and future wages, tips, and benefits, emotional distress, humiliation, anxiety, and other damages.

44.     As a consequence of Corporate Defendant's aforesaid violation of the ADEA, Plaintiff has been injured, for which he is entitled to recover from Corporate Defendant all damages and remedies provided for by statute, including, *inter alia*, economic damages, pain and suffering damages, 100% liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST CORPORATE DEFENDANT FOR
### AGE DISCRIMINATION UNDER THE NYSHRL

45.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth again at length herein.

46.     By its aforesaid conduct, Corporate Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his age.

47.     Defendant's age discrimination against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

48.     As a result of Defendant's unlawful age discrimination, Plaintiff suffered lost past and future wages, tips, and benefits, emotional distress, humiliation, anxiety, and other damages.

49.     As a consequence of Corporate Defendant's aforesaid violation of the NYSHRL, Plaintiff has been injured, for which he is entitled to recover from Defendant all damages and remedies provided for by statute, including, *inter alia*, economic damages, pain and suffering damages, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION FOR
### AIDING AND ABETTING  DISCRIMINATION IN VIOLATION
### OF NYSHRL AGAINST INDIVIDUAL DEFENDANTS

50.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if fully set forth herein.

51.     Individual Defendants directly participated, aided, abetted, incited or compelled the discriminatory conduct perpetrated against Mr. Falzarano, including, but not limited to, the failure to hire Mr. Falzarano based on his age.

52.     At all relevant times, Individual Defendants had the authority to make hiring decisions with respect to Mr. Falzarano had the ability to control the terms and conditions of his employment.

53.     Individual Defendants knowingly and recklessly aided, abetted and compelled the unlawful discrimination against Mr. Falzarano in violation of the NYSHRL, including but not

limited to their failure to hire Mr. Falzarano's based on his age despite his being qualified for the advertised position.

54.     As a direct and proximate result, Mr. Falzarano has suffered, and continues to suffer, mental anguish and emotional distress, including, humiliation, embarrassment, stress, loss of self-esteem and self-confidence, and emotional pain and suffering for which Mr. Falzarano  is entitled to an award of damages.

55.     As a direct and proximate result, Mr. Falzarano has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Mr. Falzarano  is entitled to an award of damages.

56.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Mr. Falzarano has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST CORPORATE DEFENDANT**
**FOR AGE DISCRIMINATION UNDER THE NYCHRL**

57.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

58.     By its aforesaid conduct, Corporate Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his age.

59.     Corporate Defendant's age discrimination against Plaintiff was willful, wanton, and malicious, and/or in reckless disregard of Plaintiff's legally-protected rights.

60.     As a result of Corporate Defendant's unlawful age discrimination, Plaintiff suffered lost past and future wages, tips, and benefits, emotional distress, humiliation, anxiety, and other damages.

61.     As a consequence of Corporate Defendant's aforesaid violation of the NYCHRL, Plaintiff has been injured, for which he is entitled to recover from Corporate Defendant all damages and remedies provided for by statute, including, *inter alia*, economic damages, pain and

suffering damages, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**FOR AIDING IN ABETTING IN AGE DISCRIMINATION**
**UNDER THE NYCHRL AGAINST INDIVIDUAL DEFENDANTS**

62.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if fully set forth herein.

63.     Individual Defendants directly participated, aided, abetted, incited or compelled the discriminatory conduct perpetrated against Mr. Falzarano, including, but not limited to, the failure to hire Mr. Falzarano based on his age.

64.     At all relevant times, Individual Defendants had the authority to make hiring decisions with respect to Mr. Falzarano had the ability to control the terms and conditions of his employment.

65.     Individual Defendants knowingly and recklessly aided, abetted and compelled the unlawful discrimination against Mr. Falzarano in violation of the NYCHRL, including but not limited to their failure to hire Mr. Falzarano's based on his age despite his being qualified for the advertised position.

66.     As a direct and proximate result, Mr. Falzarano has suffered, and continues to suffer, mental anguish and emotional distress, including, humiliation, embarrassment, stress, loss of self-esteem and self-confidence, and emotional pain and suffering for which Mr. Falzarano  is entitled to an award of damages.

67.     As a direct and proximate result, Mr. Falzarano has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Mr. Falzarano  is entitled to an award of damages.

68.     As a direct and proximate result, Mr. Falzarano has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Mr. Falzarano is entitled to an award of damages pursuant to N.Y. City Admin.

Code § 8-502(a) and reasonable attorneys' fees and costs pursuant to N.Y. City Admin. Code § 8-502(g).

## AS AND FOR THE SIXTH CAUSE OF ACTION  FOR RETALIATION AGAINST CORPORATE  DEFENDANT IN VIOLATION OF THE NYCHRL

69.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if fully set forth herein.

70.     On or about December 2021, by his attorney, Mr. Falzarano contacted Corporate Defendant complaining of the age discrimination he sufffered during the hiring process.

71.     Despite being imminently qualified for bartender open positions which were advertised at the time and which continue to be advertised at the present time by the Corporate Defendant, Mr. Falzarano has not been contacted by Corporate Defendant as promised by Defendant Amanda Connolly to interview for another position.

72.     Plaintiff has cause to believe that such failure to be interviewed for available bartender positions results from his opposition to the unlawful practice of age discrimination in which the Defendants have engaged and continue to engage.

73.     As a direct and proximate result, Mr. Falzarano has suffered, and continues to suffer, mental anguish and emotional distress, including, humiliation, embarrassment, stress, loss of self-esteem and self-confidence, and emotional pain and suffering for which Mr. Falzarano is entitled to an award of damages.

74.     As a direct and proximate result, Mr. Falzarano has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Mr. Falzarano is entitled to an award of damages pursuant to N.Y. City Admin. Code § 8-502(a) and reasonable attorneys' fees and costs pursuant to N.Y. City Admin. Code § 8-502(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

(1)      On the FIRST CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost tips, lost benefits, compensatory damages, 100% liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(2)      On the SECOND CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost tips, lost benefits, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(3)      On the THIRD CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost tips, lost benefits, compensatory damages, punitive damage, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(4)      On the FOURTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost tips, lost benefits, compensatory damages, punitive damage, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(5)      On the FIFTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost tips, lost benefits, compensatory damages, punitive damage, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(6)      On the SIXTH CLAIM FOR RELIEF, awarding Plaintiff all damages and remedies provided for by statute in an amount that the proof at trial shall warrant, including, *inter alia*, back pay, front pay, lost tips, lost benefits, compensatory damages, punitive damage, pre-

and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

(7)     On ALL claims for relief, granting Plaintiff such other and further relief as the Court may deem just, equitable, and proper.

Dated:  May 20, 2022

WOLTZ & FOLKINSHTEYN, P.C.

By:   _____

Benjamin Folkinshteyn, Esq.
Jennie Woltz, Esq.
PO Box 3111
Stamford, CT 06905
(203) 276-0792
jwoltz@wfpclaw.com
bfolkins@wfpclaw.com
*Attorneys for Plaintiff*